UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH G. WOJAK,<br><br>Plaintiff,<br><br>vs.<br><br>BOROUGH OF GLEN RIDGE, GLEN RIDGE BOARD OF EDUCATION, TOWN OF BLOOMFIELD, BLOOMFIELD BOARD OF EDUCATION, JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>Defendants. | Civ. No. 2:16-cv-1605-KM-JBC<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

I write primarily for the parties and thus do not explain the entire factual and procedural history. Plaintiff Joseph G. Wojak sued Borough of Glen Ridge, the Glen Ridge Board of Education ("Glen Ridge BOE"), the State of New Jersey, the Township of Bloomfield, and the Bloomfield Board of Education ("Bloomfield BOE") when he discovered that his property's school-district classification had been changed from Glen Ridge to Bloomfield years before—allegedly without his knowledge. He claimed that this constituted a regulatory taking and a denial of due process. The regulatory taking claims and the claims against the State of New Jersey were dismissed. Related claims by other plaintiffs were also dismissed.

Now before the court are motions for reconsideration by the Borough of Glen Ridge, the Glen Ridge BOE, the Township of Bloomfield, and the Bloomfield BOE. (ECF Nos. 56, 57, 59, 60). For the reasons stated below, these motions are denied.

1

## I. LEGAL STANDARD

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 7-cv-5938, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

## II. DISCUSSION

Defendants argue that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. They do not argue that there has been an intervening change in the law or that new evidence has become available. While the defendants make separate motions for reconsideration, there is a significant overlap in the arguments and I thus address them together. The defendants claim: **(A)** there is no legal or due-process requirement to provide notice about school-assignment changes to individuals who do not have school-aged children; and **(B)** another party is liable.

## A. Requirement of Notice and an Opportunity to be Heard

The Glen Ridge BOE argues that there is no statutory or constitutional requirement that defendants provide notice to Mr. Wojak in these circumstances. It is true that Mr. Wojak has not identified a specific statute that provides him with procedural rights. However, Mr. Wojak may have a due process claim under two venerable Supreme Court precedents.

The Supreme Court cases of *Londoner v. Denver*, 210 U.S. 373 (1905), and *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441 (1915) establish that legislative acts affecting a broad group of people do not trigger individual due process rights such as notice and an opportunity to be heard. However, adjudicative acts that affect an individual or a small group of people, based on their unique circumstances, may necessitate additional procedural safeguards to satisfy due process.

In *Bi-Metallic*, the State Board of Equalization and the Colorado Tax Commission increased the valuation of all taxable property in Denver by 40 percent. 239 U.S. at 443-44. Plaintiff, a property owner in Denver, argued that he was not given an opportunity to be heard and was thus denied due process contrary to the Fourteenth Amendment. *Id.* at 444. The Supreme Court disagreed:

> Where a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in a town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule. If the result in this case had been reached, as it might have been by the state's doubling the rate of taxation, no one would suggest that the 14th Amendment was violated unless every person affected had been allowed an opportunity to raise his voice against it before the body intrusted by the state Constitution with the power.

3

*Id.* at 445.

The Court distinguished these circumstances from those in *Londoner v. Denver*, where a local board had to determine "whether, in what amount, and upon whom" a tax for paving a street should be levied. *Londoner*, 210 U.S. at 385. In these circumstances, the individuals had a right to additional procedural safeguards. *Id.* at 386. "A relatively small number of persons was concerned, who were exceptionally affected, in each case upon individual grounds, and it was held that they had a right to a hearing." *Bi-Metallic*, 239 U.S. at 446 (discussing *Londoner*). In short, "[w]hen the action has a limited focus (only a few people or properties are affected) and is based on grounds that are individually assessed, it may be more adjudicative than legislative and therefore subject to traditional procedural requirements of notice and hearing." *Onyx Props. LLC v. Bd. of Cty. Comm'rs of Elbert Cty.*, 838 F.3d 1039, 1046 (10th Cir. 2016).

In this case, Mr. Wojak's property classification was changed based on his individual circumstances. He alleges that he was not provided with notice and was not given an opportunity for a hearing. The change appears sufficiently adjudicative that it may have necessitated additional procedural safeguards, as the Supreme Court held in *Londoner*. Whether such safeguards were required or were given remains to be seen. But for those reasons, the prior decision denying dismissal of Mr. Wojak's due process claim stands.

### B. Responsibility of Other Defendant(s)

Individual defendants argue that another party was responsible for providing any necessary procedural safeguards. The Borough of Glen Ridge, for example, argues that the Glen Ridge BOE was responsible. Bloomfield BOE and Bloomfield Township claim that the Glen Ridge defendants were responsible.

Additional fact finding will be required to determine how the decision to alter the school-assignment designation for Mr. Wojak's property was made. It appears unlikely that Glen Ridge (either the Borough or BOE) could unilaterally

have reassigned properties and children to the Bloomfield schools. Of course, it could turn out that some defendants (or even all defendants) are not liable. But liability has been sufficiently alleged, and many of the pertinent facts are under the control of the defendants. I decline to reconsider the prior opinion and dismiss the Bloomfield defendants until discovery has been done to elucidate the reassignment process.

The Borough of Glen Ridge alleges that one of Mr. Wojak's exhibits (i.e., exhibit C) clearly shows that the Glen Ridge BOE was solely responsible for the school-district shift. That document may constitute relevant evidence, but it is not so clear as to surmount the motion-to-dismiss standard. Without additional fact finding, I cannot determine which party is responsible and will not prematurely dismiss a party from the case.

### III. CONCLUSION

For the foregoing reasons, defendants' motions for reconsideration are denied. An appropriate order accompanies this opinion.

Dated: August 3, 2018

**KEVIN MCNULTY**
**United States District Judge**